U.S.C.A. — 7th Circuit
FILED
MAY 16 2006 DDS
GINO J. AGNELLO
CLERK

E-FILED
Monday, 22 May 2006 04:47:32 PM
Clerk, U.S. District Court, ILCD

U.S.C.A. — 7th Circuit
RECEIVED
MAY 16 2006 DDS
GINO J. AGNELLO
CLERK

FILED
MAY 19 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

No: 06-2194

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER HOLLY, ) | Appeal from the United States |
| ) | District Court for the Central |
| Plaintiff-Appellant, ) | District of Illinois |
| ) | |
| v. ) | No. 06-3060 |
| ) | |
| JANE DOE, et al., ) | Honorable Harold A. Baker |
| ) | Judge Presiding |
| Defendant-Appellee's. | |

## MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

NOW COMES Plaintiff, CHRISTOPHER HOLLY, pro se pursuant to 28 U.S.C. § 1915(b), requests this Court grant him permission to appeal the above entitled-cause In Forma Pauperis. In support of his Motion, Plaintiff states as follows:

1. Plaintiff is the above named Appellant.

2. Plaintiff is currently incarcerated within Robinson Correctional Center.

3. Plaintiff's current State Par is $15.00.

4. Plaintiff does not possess any tangible item of any value over $100.00, nor does Plaintiff possess any checking and or saving account[s].

5  Plaintiff has accumulated "three strikes" under 28 U.S.C. § 1915(g).

6. Plaintiff has alleged the Defendant's have diagnosised him with three pending cavities.

7. Plaintiff has alleged said cavities in question are causing him pain and suffering daily.

8. Section 1915(g) has an exception which allows a prisoner under "imminent danger of serious physical injury" to proceed under In Forma Pauperis status, even though they have accumulated "three strikes".

9. Dental care is one of the most important medical needs of inmates, and therefore accepting Plaintiff's allegations as true, and he has satisfied the limitted exception of Section 1915(g).

10. Attached hereto and incorporated herein isa Memorandum of Law In Support of Plaintiff's Motion For Permission To Appeal In Forma Pauperis.

WHEREFORE, for the above and foregoing reasons, Plaintiff CHRISTOPHER HOLLY, prays that this Honorable Court grant his request to Appeal In Forma Pauperis.

Respectfully submitted,

*Christopher Holly*
Christopher Holly, CPL
Pro Se Plaintiff-Appellant
R12805
P.O. Box 900
Robinson, IL 62454

2. List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| BEEN INCARCERATED SINCE 1998 | | | |

3. List your spouse's employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| N/A | | | |

4. How much cash do you and your spouse have? $ 80.00
Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| NONE | N/A | N/A | N/A |

*If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.*

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home (Value) | Other real estate (Value) | Motor Vehicle #1 (Value) |
|---|---|---|
| NONE | NONE | Make & year: NONE |
| | | Model: NONE |
| | | Registration # N/A |

| Motor Vehicle #2 (Value) | Other assets (Value) | Other assets (Value) |
|---|---|---|
| Make & year: none | none | none |
| Model: N/A | | |
| Registration # N/A | | |

2

**6. State every person, business, or organization owing you or your spouse money, and the amount owed.**

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| NONE | NONE | N/A |

**7. State the persons who rely on you or your spouse for support.**

| Name | Relationship | Age |
|---|---|---|
| NONE | N/A | N/A |

**8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.**

|  | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home) | $ 0 | $ N/A |
| Are real estate taxes included? [ ] Yes [ ] No |  |  |
| Is property insurance included? [ ] Yes [ ] No |  |  |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 0 | $ N/A |
| Home maintenance (repairs and upkeep) | $ 0 | $ N/A |
| Food | $ 0 | $ N/A |
| Clothing | $ 0 | $ N/A |
| Laundry and dry-cleaning | $ 0 | $ N/A |
| Medical and dental expenses | $ 0 | $ N/A |
| Transportation (not including motor vehicle expenses) | $ 0 | $ N/A |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0 | $ N/A |
| Insurance (not deducted from wages or included in mortgage payments) Homeowner's or renter's | $ 0 | $ N/A |

| | | |
|---|---|---|
| Life | $ 0 | $ N/A |
| Health | $ 0 | $ N/A |
| Motor vehicle | $ 0 | $ N/A |
| Other: LEGAL COPIES/POSTAGE | $ 50.00 | $ N/A |

Taxes (not deducted from wages or included in mortgage payments) (specify): $ 0   $ N/A

Installment payments $ 0   $ N/A

| | | |
|---|---|---|
| Motor Vehicle | $ 0 | $ N/A |
| Credit card (name): NONE | $ 0 | $ N/A |
| Department store (name): NONE | $ 0 | $ N/A |
| Other: NONE | $ 0 | $ N/A |

Alimony, maintenance, and support paid to others  $ 0   $ N/A

Regular expenses for operation of business, profession, or farm (attach detail)  $ 0   $ N/A

Other (specify): NONE   $ 0   $ N/A

Total monthly expenses:   $ 50.00   $ 0

**9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?**

[ ] Yes  [■] No   If yes, describe on an attached sheet.

**10. Have you paid-or will you be paying-an attorney any money for services in connection with this case, including the completion of this form?**

[ ] Yes  [■] No   If yes, how much? $_____

If yes, state the attorney's name, address, and telephone number:

NONE

11. Have you paid-or will you be paying-anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

[ ] Yes [X] No  If yes, how much? $_____

If yes, state the person's name, address, and telephone number:

NONE

12. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

CAN NOT HOLD A JOB OUTSIDE PRISON.

13. State the address of your legal residence.

ROBINSON CORRECTIONAL CENTER, R12805
P.O. BOX 900
ROBINSON, IL 62454

Your daytime phone number: (___) NONE

Your age: 42   Your years of schooling: 12 PLUS SOME COLLEGE

Your social-security number: 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

Date: 5/10/2006
Time: 1:37pm
d_list_inmate_trans_statement_composite

3:06-cv-03060-HAB-CHE    # 9    Page 7 of 17

Robinson Correctional Center
Trust Fund
Inmate Transaction Statement

Page 2

REPORT CRITERIA - Date: Start thru End;    Inmate: R12805;    Active Status Only ? : No;    Print Restrictions ? : Yes;    Transaction Type: All Transaction Types;    Print Furloughs / Restitutions ? : Yes;    Include Inmate Totals ? : Yes;    Print Balance Errors Only ? : No

**Inmate: R12805 Holly, Christophe**                              **Housing Unit: ROB-4A-10-05**

| Date | Source | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|
| 04/25/06 | Disbursements | 81 Legal Postage | 115319 | Chk #54027 | 0614103, DOC: 523 Fund Reimbur, Inv. Date: 04/19/2006 | -.39 | 31.94 |
| 04/25/06 | Disbursements | 81 Legal Postage | 115319 | Chk #54027 | 0614105, DOC: 523 Fund Reimbur, Inv. Date: 04/19/2006 | -1.11 | 30.83 |
| 04/25/06 | Disbursements | 81 Legal Postage | 115319 | Chk #54027 | 0614106, DOC: 523 Fund Reimbur, Inv. Date: 04/19/2006 | -.87 | 29.96 |
| 04/25/06 | Disbursements | 81 Legal Postage | 115319 | Chk #54027 | 0614107, DOC: 523 Fund Reimbur, Inv. Date: 04/19/2006 | -4.05 | 25.91 |
| 04/25/06 | Disbursements | 81 Legal Postage | 115319 | Chk #54027 | 0614109, DOC: 523 Fund Reimbur, Inv. Date: 04/19/2006 | -.39 | 25.52 |
| 04/25/06 | Disbursements | 81 Legal Postage | 115319 | Chk #54027 | 0614253, DOC: 523 Fund Reimbur, Inv. Date: 04/21/2006 | -.39 | 25.13 |
| 04/25/06 | Disbursements | 81 Legal Postage | 115319 | Chk #54027 | 0614257, DOC: 523 Fund Reimbur, Inv. Date: 04/21/2006 | -.63 | 24.50 |
| 04/25/06 | Disbursements | 90 Medical Co-Pay | 115319 | Chk #54027 | 0614278-0420, DOC: 523 Fund Re, Inv. Date: 04/24/2006 | -2.00 | 22.50 |
| 04/28/06 | Disbursements | 84 Library | 118315 | Chk #54036 | 0613354, DOC: 523 Fund Library, Inv. Date: 04/04/2006 | -3.15 | 19.35 |
| 04/28/06 | Disbursements | 84 Library | 118315 | Chk #54036 | 0613421, DOC: 523 Fund Library, Inv. Date: 04/06/2006 | -.55 | 18.80 |
| 04/28/06 | Disbursements | 84 Library | 118315 | Chk #54036 | 0613771, DOC: 523 Fund Library, Inv. Date: 04/11/2006 | -.15 | 18.65 |
| 04/28/06 | Disbursements | 84 Library | 118315 | Chk #54036 | 0613795, DOC: 523 Fund Library, Inv. Date: 04/12/2006 | -1.10 | 17.55 |
| 04/28/06 | Disbursements | 84 Library | 118315 | Chk #54036 | 0613904, DOC: 523 Fund Library, Inv. Date: 04/14/2006 | -.55 | 17.00 |
| 04/28/06 | Disbursements | 84 Library | 118315 | Chk #54036 | 0614441, DOC: 523 Fund Library, Inv. Date: 04/26/2006 | -3.85 | 13.15 |
| 04/28/06 | Disbursements | 84 Library | 118315 | Chk #54036 | 0614146, DOC: 523 Fund Library, Inv. Date: 04/19/2006 | -6.45 | 6.70 |
| 04/28/06 | Disbursements | 84 Library | 118315 | Chk #54036 | 0614286, DOC: 523 Fund Library, Inv. Date: 04/24/2006 | -.50 | 6.20 |
| 05/05/06 | Payroll | 20 Payroll Adjustment | 125114 | | P/R month of 04/2006 | 14.70 | 20.90 |
| 05/09/06 | Mail Room | 01 MO/Checks (Not Held) | 129251 | 800658192 | Holly, Nancy | 50.00 | 70.90 |
| 05/09/06 | Mail Room | 01 MO/Checks (Not Held) | 129251 | 800658193 | Holly, Nancy | 50.00 | 120.90 |

| | |
|---|---|
| Total Inmate Funds: | 120.90 |
| Less Funds Held For Orders: | .00 |
| Less Funds Restricted: | 23.09 |
| Funds Available: | 97.81 |
| Total Furloughs: | .00 |
| Total Voluntary Restitutions: | .00 |

**RESTRICTIONS**

| Invoice Date | Invoice Number | Type | Description | Vendor | Amount |
|---|---|---|---|---|---|
| 04/26/2006 | 0614476 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimbursemen | $0.39 |
| 04/26/2006 | 0614477 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimbursemen | $0.39 |

# Robinson Correctional Center
## Trust Fund
### Inmate Transaction Statement

Page 1

REPORT CRITERIA - Date: Start thru End;    Inmate: R12805;    Active Status Only ? : No;    Print Restrictions ? : Yes;    Transaction Type: All Transaction Types;    Print Furloughs / Restitutions ? : Yes;    Include Inmate Totals ? : Yes;    Print Balance Errors Only ? : No

**Inmate: R12805 Holly, Christophe**                     **Housing Unit: ROB-4A-10-05**

| Date | Source | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|
| | | | | | Beginning Balance: | | 0.00 |
| 10/10/03 | Payroll | 20 Payroll Adjustment | 283119 | | P/R month of 09/2003 | .68 | .68 |
| 10/15/03 | Disbursements | 99 Transfer Inmate | 288315 | Chk #46955 | Danville Correctional Center | -.68 | .00 |
| 04/04/06 | Mail Room | 04 Intake and Transfers In | 094254 | 25808 | Logan C.C. | -20.03 | -20.03 |
| 04/07/06 | Mail Room | 01 MO/Checks (Not Held) | 097239 | 800658116 | Holly, Nancy | 50.00 | 29.97 |
| 04/07/06 | Mail Room | 01 MO/Checks (Not Held) | 097239 | 800658117 | Holly, Nancy | 50.00 | 79.97 |
| 04/10/06 | Point of Sale | 60 Commissary | 100717 | 340491 | Commissary | -29.89 | 50.08 |
| 04/14/06 | Payroll | 20 Payroll Adjustment | 104119 | | P/R month of 03/2006 | 2.38 | 52.46 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613463, DOC: 523 Fund Inmate, Inv. Date: 04/06/2006 | -1.83 | 50.63 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613081, DOC: 523 Fund Inmate, Inv. Date: 03/27/2006 | -.39 | 50.24 |
| 04/17/06 | Disbursements | 80 Postage | 107319 | Chk #53915 | 613733, DOC: 523 Fund Inmate R, Inv. Date: 04/12/2006 | -.39 | 49.85 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613420, DOC: 523 Fund Inmate, Inv. Date: 04/05/2006 | -.39 | 49.46 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613888, DOC: 523 Fund Inmate, Inv. Date: 04/14/2006 | -.63 | 48.83 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613882, DOC: 523 Fund Inmate, Inv. Date: 04/14/2006 | -.39 | 48.44 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613420, DOC: 523 Fund Inmate, Inv. Date: 04/05/2006 | -1.11 | 47.33 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613340, DOC: 523 Fund Inmate, Inv. Date: 04/04/2006 | -.39 | 46.94 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613420, DOC: 523 Fund Inmate, Inv. Date: 04/05/2006 | -.87 | 46.07 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613341, DOC: 523 Fund Inmate, Inv. Date: 04/04/2006 | -.39 | 45.68 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613420, DOC: 523 Fund Inmate, Inv. Date: 04/05/2006 | -.63 | 45.05 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613529, DOC: 523 Fund Inmate, Inv. Date: 04/10/2006 | -.39 | 44.66 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613664, DOC: 523 Fund Inmate, Inv. Date: 04/11/2006 | -.39 | 44.27 |
| 04/17/06 | Disbursements | 80 Postage | 107319 | Chk #53915 | 0613892, DOC: 523 Fund Inmate, Inv. Date: 04/14/2006 | -1.11 | 43.16 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613420, DOC: 523 Fund Inmate, Inv. Date: 04/05/2006 | -.39 | 42.77 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613420, DOC: 523 Fund Inmate, Inv. Date: 04/05/2006 | -.63 | 42.14 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613420, DOC: 523 Fund Inmate, Inv. Date: 04/05/2006 | -1.35 | 40.79 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613877, DOC: 523 Fund Inmate, Inv. Date: 04/14/2006 | -.39 | 40.40 |
| 04/17/06 | Disbursements | 81 Legal Postage | 107319 | Chk #53915 | 0613881, DOC: 523 Fund Inmate, Inv. Date: 04/14/2006 | -.63 | 39.77 |
| 04/24/06 | Point of Sale | 60 Commissary | 114717 | 342073 | Commissary | -5.88 | 33.89 |
| 04/25/06 | Disbursements | 80 Postage | 115319 | Chk #54027 | 0613928, DOC: 523 Fund Reimbur, Inv. Date: 04/18/2006 | -.39 | 33.50 |
| 04/25/06 | Disbursements | 81 Legal Postage | 115319 | Chk #54027 | 0614049, DOC: 523 Fund Reimbur, Inv. Date: 04/18/2006 | -.39 | 33.11 |
| 04/25/06 | Disbursements | 81 Legal Postage | 115319 | Chk #54027 | 0614050, DOC: 523 Fund Reimbur, Inv. Date: 04/18/2006 | -.39 | 32.72 |
| 04/25/06 | Disbursements | 81 Legal Postage | 115319 | Chk #54027 | 0614102, DOC: 523 Fund Reimbur, Inv. Date: 04/19/2006 | -.39 | 32.33 |

No: 06-2194

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER HOLLY, | ) Appeal from the United States |
| | ) District Court for the Central |
| Plaintiff-Appellant, | ) District of Illinois |
| | ) |
| v. | ) No. 06-3060 |
| | ) |
| JANE DOE, et al., | ) Honorable Harold A. Baker |
| | ) Judge Presiding |
| Defendant-Appellee's | ) |

<u>MEMORANDUM IN SUPPORT OF</u>
<u>MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS</u>

NOW COMES Plaintiff, CHRISTOPHER HOLLY, pro se pursuant 28 U.S.C. § 1915(b), and requests this Court grant his Motion For Permission To Appeal In Forma Pauperis. In support of his Motion, Plaintiff submitts this Memorandum of Law, which alleges as follows:

On or about March 20, 2006, Plaintiff filed a Complaint, alleging inter alia, the Defendant's failed to treat Plaintiff for a pending dental condition, that being several cavities (three). (See Exhibit A, Complaint, Par. 11-15)

Plaintiff further alleged he suffered continual/daily pain resulting from said cavities. (See Exhibit A, Complaint, Par. 18)

Plaintiff also filed an Application To Proceed In Forma Pauperis, alleging inter alia, he had accumulated "three strikes" under 28 U.S.C. § 1915(g). (See Exhibit B)

Plaintiff alleged his pending dental condition placed him at risk of "loosing" several teeth, due to the continual advancement of said cavities in question, and therefore satisfied the "imminent danger of serious physical injury" exception to Section 1915(g), which allows a pro se prisoner who has accumulated "three strikes" to proceed under In Forma Pauperis status.

U.S.C.A. – 7th Circuit
FILED
MAY 16 2006  DDS

GINO J. AGNELLO
CLERK

March 22, 2006, the district court denied Plaintiff's request to proceed In Forma Pauperis, ruling "Nothing in the plaintiff's complaint permits an allegation that he is in imminent danager of serious physical injury." (See Exhibit C, quoting from said Order)

## I. IN FORMA PAUPERIS

The Third Circuit has allowed a prisoner who has accumulated "three strikes" to proceed In Forma Pauperis on appeal. Gibbs v. Cross, 160 F.3d 962, 964 (3rd Cir. 1998)(reversing district courts denial of In Forma Pauperis request, which was based on district courts ruling Gibbs was ineligible to proceed In Forma Pauperis because Gibbs had accumulated "three strikes")

Plaintiff asserts in light of Gibbs, this Court should grant his request to proceed In Forma Pauperis on appeal.

## II. PRO SE

It is well settled a pro se complaint is to be liberally construed, and all well-pleaded facts alleged are accepted as true, and the court should draw all inferences in favor of the plaintiff, when facing a § 1915(g) bar. Wynn v. Southward, 251 F.3d 588, 591 (7th Cir. 2001); See also Gibbs, 160 F.3d at 966)

## III. THREE STRIKES

It is well settled when a threat or prison condition is real and proximate, and when the potential consequence is "serious physical injury", then the courthouse doors are open even to those who have filed three frivolous suits. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002); See also Gibbs, 160 F.3d at 965 (holding prisoner who is in "imminent danger of serious physical injury" are exempted from "three strikes" provision in 28 U.S.C. § 1915(g))

2

## IV. IMMINENT DANGER

An injury need not be so serious as to be an Eighth Amendment violation in itself. The risk of future injury is enough to invoke the imminent danger exception. See Gibbs, 160 F.3d at 967

## V. SERIOUS MEDICAL NEEDS

An objectively serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity of a doctor's attention." Manney v. Monroe, 151 F.Supp.2d 976 (N.D.ILL. 2001)(citing Zentmyer v. Kendall County, Illinois, 220 F.3d 805, 810 (7th Cir. 2000); See also Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997) (holding a serious medical condition exists where the failure to treat a prisoners condition coul result in further significant injury or the unnecessary and wanton infliction of pain.); Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004)(holding a prisoner states a valid claim, under 42 U.S.C. Section 1983 when the indifference is manifested by prison doctors in their response to a prisoner's needs in delaying access to medical care.); Manney, 151 F.Supp.2d at 989 (holding it is sufficiently serious if "the deliberately indifferent denial of medical care for such a condition-resulting in needless pain and suffering - is 'repugnant to the conscience of mankind' and offensive to 'evolving standards of decency'")

## VI. DENTAL

It is well settled "dental care is one of the most important medical needs of inmates." Wynn, 251 F.3d at 593; See also Ramos v. Lamm, 639 F.2d 559, 576 (10th Cir. 1980)(holding dental care is one of the most important medical needs of inmates); Dean v. Coughlin, 623 F.Supp. 392, 404 (S.D.N.Y. 1985)(holding inmate dental needs such as fillings are "serious medical needs" as the law defines that term.)

3

A tooth cavity is a degenerative condition, and if it is left untreated indefinitely, it is likely to produce agony and to require more invasive and painful treatments, such as root canal therapy or extraction. Harrison v. Barkley, 219 F.3d 132 (2nd Cir. 2000)

Because a tooth will degenerate with increasingly serious implications if neglected over sufficient time, it presents a "serious medical need" within the meaning of 28 U.S.C. § 1915(g). Harrison, 219 F.3d at 132

## CONCLUSION

Plaintiff has alleged he continually suffers daily from three pending cavities. Therefore, in light of the above aforementioned cases, the district court abused its discretion denying Plaintiff's request to proceed In Forma Pauperis, under the exception provision of Section 1915(g). Plaintiff humbly requests that this Court grant his Motion For Permission To Appeal In Forma Pauperis.

Respectfully submitted,
Christopher Holly, CPL
Pro Se Plaintiff-Appellant
R12805
P.O. Box 900
Robinson, IL 62454

4

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHRISTOPHER HOLLY, | ) |
| Plaintiff, | ) |
| v. | ) No. 06-3060 |
| DENTAL ASSISTANT "JANE DOE", Individually; DENTIST "JOHN DOE", Individually, | ) |
| Defendants. | ) |

(FILE STAMP) RETURN

RECEIVED MAR 20 2006 U.S. CLERK'S OFFICE SPRINGFIELD, ILLINOIS

## COMPLAINT

NOW COME the Plaintiff, CHRISTOPHER HOLLY, pro se, and for his Complaint against the Defendants "Jane Doe" and "John Doe" alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and equitable relief to redress the deprivation of rights secured to Plaintiff by virtue of the 8th Amendment.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue is proper by virtue of such rules/statues governing such cause of action presented for review by this Court pursuant to 28 U.S.C. §1391(b).

### PARTIES

4. Plaintiff Christopher Holly was at all times relevant hereto an inmate at Taylorville Correctional Center. Plaintiff is currently incarcerated at Logon Correctional Center.

5. Defendant Jane Doe was at all times relevant hereto a Dental Assistant under contract at Taylorville Correctional Center/ Illinois Department of Corrections to provide dental services to inmates at Taylorville Correctional Center.

EXHIBIT A

6. Defendant John Doe was at all times relevant hereto a Dentist under contract at Taylorville Correctional center/Illinois Department of Corrections to provide dental services to inmates at Taylorville Correctional Center.

## PREVIOUS LAWSUITS

7. Plaintiff has filed the following actions within the past year in Federal Court:

> Christopher Holly v. Jane Doe
> U.S.D.C. Urbana Division #04-2220

## EXHAUSTION OF REMEDIES

8. January 30, 2006, Plaintiff deposited a grievance within the Taylorville Correctional Center U.S. Mail Box, requesting that he be scheduled for dental treatment, and to be financially compensated for not receiving necessary dental care. (See Attached)

9. Taylorville Correctional Officials failed to respond to said dental grievance submitted by Plaintiff.

10. Plaintiff alleges the fact he has submitted a grievance pursuant to the PLRA, and that Taylorville Correctional Officials have failed to respond to said dental grievance, Plaintiff has "exhausted his available remedies". See Lewis v. Washington, 300 F.3d 829 (7th Cir. 2002)

## FACTS

11. On or about October 1, 2005, Plaintiff was examined by Defendants Jane Doe and John Doe to assess Plaintiffs current dental condition.

12. Defendants Jane Doe and John Doe took several x-rays of Plaintiffs teeth.

13. After examining said x-rays, Defendants Jane Doe and John Doe noticed Plaintiff had several cavities that need treatment.

14. Defendants Jane Doe and John Doe informed Plaintiff he would be placed on a "waiting list" to receive treatment for said cavities.

15. February 1, 2006 Plaintiff was transferred to Logon Correctional Center. Plaintiff was never treated for said cavity proplem.

### COUNT I - FAILURE TO PROVIDE ADEQUATE DENTAL CARE

16. Plaintiff realleges and incorporates by reference the allegations contained in paragraph[s] 1-15 as though fully restated herein.

17. Defendants Jane Doe and John Doe acted with deliberate indifference to Plaintiffs dental needs by failing to provide necessary dental treatment of Plaintiffs cavities.

18. As a direct result of the aforementioned Defendants deliberate indifference to Plaintiffs dental needs, Plaintiff has suffered continual/daily pain and suffering resulting from said cavities, and has further resulted in Plaintiffs teeth being damaged by said cavities at a progressional rate each day said cavities are not properly treated.

### RELIEF

WHEREFORE, Plaitiff requests that this Court enter a judgment:

19. Finding the acts and practices of the Defendants complained herein constitutes deliberate indifference to his dental needs.

20. Finding the acts and practices of the Defendants complained herein constitute cruel and unusual punishment as so defined within and throughout the 8th Amendment, thereby depriving Plaintiff of such constitutional right.

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

(MY COPY)

| Date: 1/30/06 | Committed Person: (Please Print) CHRISTOPHER HOLLY | ID#: R12805 |
|---|---|---|
| Present Facility: TAYLORVILLE | Facility where grievance issue occurred: TAYLORVILLE | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [ ] Staff Conduct
- [ ] Dietary
- [x] Medical Treatment
- [ ] Other (specify): _____
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Disciplinary Report: ___/___/___
  Date of Report          Facility where Issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I AM GRIEVING THAT I HAVE BEEN PLACED ON A WAITING LIST TO TAKE CARE OF SEVERAL CAVITIES, BUT AS OF THIS DATE HAVE NOT RECEIVED SAID NECESSARY DENTAL CARE.

**Relief Requested:** I AM REQUESTING THAT I BE SCHEDULED FOR SAID DENTAL TREATMENT, AND THAT I BE FINACNIALLY COMPENSATED FOR NOT RECEIVING SAID NECESSARY DENTAL CARE.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Christopher Holly_     R12805     1/30/06
Committed Person's Signature    ID#    Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: ___/___/___
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name          Counselor's Signature          Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

Chief Administrative Officer's Signature          Date

DOC 0046 (Eff. 10/2001)

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CHRISTOPHER HOLLY, )
 )
    Plaintiff, )
 )
v. ) No. 06-3060
 )
DENTAL ASSISTANT "JANE DOE", )
Individually, et al., )
 )
    Defendants. )

(FILE STAMP)
RETURN

FILED
MAR 2 0 2006
J. WATERS, Clerk
CENTRAL DISTRICT COURT
DISTRICT OF ILLINOIS

## APPLICATION TO PROCEED IN FORMA PAUPERIS

NOW COMES Plaintiff, CHRISTOPHER HOLLY, pro se pursuant to 28 U.S.C. § 1915(g), and submitts his Application To Proceed In Forma Pauperis. In support of his Application, Plaintiff states as follows:

1. Plaintiff has accumulated three (3) strikes under 28 U.S.C. § 1915(g).

2. Section 1915(g) has an exception which allows a prisoner under "imminent danger of serious physical injury" to proceed under In Forma Pauper status, even though they have three strikes.

3. Plaintiff alleges the Defendants failure to treat Plaintiffs dental condition, has placed Plaintiff of risk of "loosing" several teeth, due to the continual advancement of said cavities in question.

4. Plaintiff is the above Plaintiff in the captioned-cause.

5. Plaintiff is currently incarcerated within Logon Correctional Center.

6. Plaintiff's curent State Pay is $10.00 per month.

7. Plaintiff does not possess any realestate, savings and or checking account[s], and or any other tangible item of value over $100.00.

EXHIBIT B